## POSSESSION AFTER AN INVALID JUDICIAL SALE.

Circuit Court of Cuyahoga County.

VALENTINE CHRIST v. JANE LAY, ADMINISTRATRIX DE BONIS NON WITH THE WILL ANNEXED OF THE ESTATE OF SAMUEL LAY, DECEASED.*

Decided, November 4, 1908..

*Purchaser at Judicial Sale—Sale Set Aside—Profit Ad Interim.*

One who goes into possession of premises, purchased at an administrator's sale of lands to pay a decedent's debts, is liable for the value of the use of the premises, if the sale is afterwards set aside.

*Beavis & Johnson,* for plaintiff in error.
*Klein & Harris,* contra.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

Samuel Lay was a resident of Cuyahoga county, Ohio, and died testate in 1885. At the time of his death he was the owner of a small farm in the village of Olmsted Falls, in this county. His will was duly admitted to probate and the widow of the testator elected to accept the provisions made for her in the will in lieu of her dower.

* Affirmed by the Supreme Court without opinion, 82 Ohio State, 417.

The widow is Jane Lay, who, as administratrix, is defendant in error here.

By the second and third items of said will it is provided:

"I give, devise and bequeath to my wife, Jane Lay, and in lieu of her dower, the sum of ten dollars ($10.00) per month, for and during her lifetime, to be paid to her by the executor hereof out of my said estate, to be paid yearly, or oftener if necessary, so long as she lives and there is any of my said estate to pay said amount with, and also that my said wife Jane Lay shall have a suitable home in the house in which she now lives; also in the village of Olmsted Falls, state of Ohio, so long as she lives; also that she have all of the household goods and effects now in the house situated in Olmsted as aforesaid.

"I give, devise and bequeath to my grandson Frank R. Lay, my homestead, consisting of about 19 acres of land, and buildings, thereon situated, in Olmsted Falls village, Cuyahoga county, Ohio, or so much of the same as there remains after the decease of my said wife and the stipulations mentioned in the item second shall have been fully performed and he shall have paid to my son John Lay the sum of one hundred dollars, and also paid to each of my two sons Joseph and Samuel Lay, each fifty dollars, as the amounts which I direct them to have out of my said estate."

By the fifth item of the will, Frank R. Lay, the grandson mentioned in the third item, is named as the executor of the will. He accepted the trust and for several years held the appointment as executor, but never completed the settlement of the estate. For a few years he paid to the widow, Jane Lay, the $10 per month provided for her by the second item of the will, and for several years after the death of the testator the widow lived on this farm. In 1889, the executor having moved out of the state of Ohio, resigned this trust as executor, and Jane Lay, the widow, was appointed to administer the estate. Before 1889, the widow had removed from the farm and has never lived there since, nor has anyone lived upon the premises since she left them, who was there by authority from any member of the Lay family.

After the appointment of Jane Lay she filed a petition in the probate court for authority to sell this real estate to pay the debts of the testator. On this petition such proceedings were

had in the probate court that the premises were sold to the plaintiff in error in June, 1902. Thereafter, proceedings were had to set this sale aside, and finally, by a judgment of this court on the — day of ——— 1906, the sale was set aside, the court holding that it was not lawfully made. Before the sale to Christ, already named, he had purchased the premises at tax sale, and thereafter paid taxes upon the premises until he purchased at the administrator's sale. After this purchase, he continued to pay the taxes until the sale was set aside. Thereafter, the taxes being again delinquent, the premises were again sold at tax sale and Christ again purchased. Neither of these tax sales gave him any valid title to the premises, but after the last purchase at tax sale, he paid the taxes for a considerable time. After the sale by the administrator, Christ went upon the premises, as he had a right to do, and to the extent that they were occupied by anybody who had any claim or right to them, they were occupied by him until the administrator's sale was set aside. This was for a period of three years and eight months. During this time he made very little use of the premises, getting very little income from them, but he had the possession, and during all that time the right of the possession as against all the world. He made some repairs upon the premises, and expended some money therefor. After the sale was set aside he never exercised any rights of ownership of the property, nor had he any right to exercise ownership. Some time after the the administrator's sale was set aside a new petition was filed by her in the probate court for authority to sell, and Christ was made a defendant in that proceeding, which was proper, because of his rights under the tax sales. The petition in the last named action set out as a distinct cause of action against Christ that he had had the use of the premises for some twelve years, and that the rent therefor was worth $—— per year, making in the aggregate $——, which the plaintiff claimed to recover against him. Manifestly in a proceeding to sell real estate the administrator could not recover a judgment for money against the party who owed her in any capacity, but the allegations in this cause of action may be properly considered in con-

nection with Christ's rights in the premises.  Christ, in his answer, set up that he had a lien on the premises by reason of his payment of taxes and the repairs which he had made thereon, and denied liability for the use thereof.  The case having been tried in the probate court was appealed to the court of common pleas and there tried, with the result that the court found that Christ was liable for the use of the premises for the whole time, after his purchase from the administrator.  This is manifest from the amount found by the court against him in this record.  In this the court erred.  Christ had a lien upon the premises for whatever permanent improvements he had put upon them while holding under the administrator's sale, and for all the taxes he had paid at any time.  As against this lien he is chargeable with the value of the use of the premises from the time he purchased them at the administrator's sale, until the time when that sale was set aside.  Manifestly, under the evidence, this was not enough to offset entirely the amount of his lien.  The court, therefore, erred in finding that there was nothing due to Chirst under his lien, over and above the amount which should be charged against him for the use of the premises.  We hold that Christ was chargeable with the value of the use of these premises for the time specified, for the reason that he exercised acts of ownership over them, as he had a right to do for the three years and eight months that he held them, under the administrator's sale, and if he failed to obtain any income therefrom, the fault was his own.

In making this finding we do not hold that the administrator was ever entitled to the possession of the premises; Mrs. Jane Lay had, under the will, a right to a home on these premises.  She had no other right in the premises, she having waived her dower.  The executor of the will, as such, had no right to the possession of these premises, but Frank R. Lay, as devisee, had a right to the possession; they were devised to him; he was the owner; his title was subject to the claim of the widow for the annuity provided for her, and subject also to the rights of the creditors of Samuel Lay to have the premises sold for the payment of debts, but the ownership and right of possession were all the time in him.

The judgment of the court of common pleas is reversed for error in allowing, as against the lien of Christ, the value of the use of the premises for a longer time than the period between the date of the administrator's sale, and the date when that sale was set aside.